**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4870**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GENE SCHULER,

Defendant - Appellant.

**No. 07-4871**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GENE SCHULER,

Defendant - Appellant.

**No. 07-4872**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GENE SCHULER,

        Defendant - Appellant.

No. 07-4873

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GENE SCHULER,

        Defendant - Appellant.

No. 07-4874

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GENE SCHULER,

        Defendant - Appellant.

No. 07-4875

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

- 2 -

v.

GENE SCHULER,

                    Defendant - Appellant.

———————————

Appeals from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:06-cr-00775-TLW; 4:06-cr-01342-TLW; 4:07-cr-00221-TLW; 4:07-cr-
00222-TLW; 4:07-cr-00223-TLW; 4:07-cr-00230-TLW)

———————————

Submitted:  February 29, 2008          Decided:  June 18, 2008

———————————

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.  Reginald I. Lloyd, United States
Attorney, William E. Day, II, Assistant United States Attorney,
Florence, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gene Schuler pled guilty to six counts of bank burglary, 18 U.S.C. § 2113(a) (2000), and was sentenced to concurrent terms of 82 months imprisonment. The offenses were committed in South Carolina, Georgia, and Alabama, and were transferred with Schuler's consent to the District of South Carolina for disposition. Schuler appeals his sentence, contending that the district court erred in departing above the advisory guideline range pursuant to U.S. Sentencing Guidelines Manual (USSG) § 4A1.3, p.s. (2006). We affirm.

Between April 11, 2006, and his arrest on July 11, 2006, Schuler burglarized twenty-five banks. Schuler began this series of burglaries while he was on supervised release, a week after he finished serving a 63-month federal sentence for burglarizing eight banks in Florida in 2000. In addition, he had previously served a one-year federal sentence for burglarizing two banks in Florida in 1998, as well as a one-year state sentence for another bank burglary committed the same year. In departing upward, the district court considered both prior sentences that were not counted in Schuler's criminal history score because they were outside the applicable time period, see USSG § 4A1.2(e), and the fact that Schuler had been convicted and imprisoned twice before for burglarizing banks, and upon release each time immediately committed the same offense again.

After United States v. Booker, 543 U.S. 220 (2005), a sentence is reviewed for reasonableness. Gall v. United States, 128 S. Ct. 586, 597 (2007).

A district court may depart upward based on the inadequacy of the defendant's criminal history if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes . . . ." USSG § 4A1.3(a)(1).

Here, the court could properly consider, as a basis for departure, outdated sentences that provided "evidence of similar, or serious dissimilar, criminal conduct . . . ." USSG § 4A1.2, comment. (n.8). Not all of Schuler's early criminal conduct was of this kind; however, he had three unscored sentences for grand theft and two unscored sentences for retail theft. Moreover, Application Note 2(B) to § 4A1.3 states that "the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." In this regard, the court properly considered Schuler's repeated burglaries of banks and his immediate resumption of the same criminal conduct as soon as he was released from custody for two prior convictions for bank burglary. Notably, Schuler committed an increasing number of burglaries after each prior sentence. We conclude that the court's decision to depart

was not unreasonable, particularly in light of the Supreme Court's recent holding in <u>Gall</u>, 128 S. Ct. at 597, directing appellate courts to review sentences outside the advisory guidelines range for abuse of discretion only.  In addition, the extent of the departure was reasonable.  <u>See</u> <u>United States v. Evans</u>, No. 06-4789, 2008 WL 2174237, at *7 (4th Cir. May 27, 2008).

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>